UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRANSFORM SR BRANDS LLC, Plaintiff, -against- KOOLATRON CORPORATION, Defendant. | 26 Civ. 7960 (LGS) **ORDER** |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on November 6, 2026, the parties filed a joint letter regarding discovery disputes for which the parties are at an impasse.

WHEREAS, an in-person discovery conference is scheduled for November 10, 2026, at 3:15 P.M.

WHEREAS, an in-person preliminary injunction hearing is scheduled for December 15, 2026 at 10:30 A.M.

WHEREAS, the disputes are resolved in part as follows below. Counsel shall be prepared to discuss the remaining disputes at the conference. It is hereby as follows:

**Protective Order**

**ORDERED** that by **November 11, 2026**, the parties shall file a proposed Protective Order with the following language regarding the use of Confidential Discovery Material in any legal proceeding outside this action:

- A Party seeking to use in another legal proceeding Discovery Material produced pursuant to this Protective Order may seek relief from the District Court from the restrictions of this Order to use Discovery Material in another tribunal, subject to the District Court's meet and confer obligations, the requirements of any tribunal concerning discovery and further subject to the Disclosing Party's right to contest such use or the propriety thereof in the other tribunal. Neither party shall be deemed as a result hereof to have consented to the propriety of jurisdiction or venue in any other tribunal

The parties shall also revise the proposed Protective Order to comply with Individual Rule I.D.4.

**<u>Plaintiff's Interrogatories</u>**

**ORDERED** that, as to Plaintiff's First and Second Interrogatories, Plaintiff's application for an order compelling Defendant to supplement its responses is **DENIED**. As to Plaintiff's Third Interrogatory, Plaintiff's application is **GRANTED IN PART**. Defendant shall state how many products in inventory have been demarked, how many remain to be demarked and costs incurred or committed for demarking (itemized by vendor). As to Plaintiff's Fourth Interrogatory, Plaintiff's application seeking identifying information about any opinions of counsel is denied on relevance and proportionality grounds, subject to Defendant's agreement in the joint letter regarding a supplemental interrogatory response regarding non-reliance on opinions of counsel, which shall be served by **November 13, 2026.**

**<u>Plaintiff's Requests for Production</u>**

**ORDERED** that Plaintiff's application for an order compelling Defendant to supplement its responses to Plaintiff's First and Second Set of Requests for Production is **GRANTED**. By **November 13, 2026**, Defendant shall serve amended responses and objections stating whether Defendant intends to produce responsive documents to each Request. The response shall also state whether any documents within the scope of the request are being withheld and the basis for doing so, or state the limits that will control the search for responsive documents.

**<u>Defendant's Request for Supplemental Damages Disclosure</u>**

**ORDERED** that Defendant's application for additional damages disclosure is **GRANTED IN PART and DENIED IN PART**. For the purpose of the present expedited discovery in anticipation of the preliminary injunction hearing, Plaintiff shall provide any evidence that it has or will sustain harms that are not easily quantifiable. For the purpose of the upcoming settlement conference, Plaintiff shall provide the amount of legal costs incurred for

legal services by Canadian counsel, and costs incurred as a direct result of Defendant's alleged breach, including for example, the cost of corrective advertising. This ruling is without prejudice to further applications or rulings regarding Plaintiff's damages disclosure at a later point in the litigation.

**Defendant's Request for a Privilege Log**

**ORDERED** that Defendant's application for an order compelling Plaintiff to produce a privilege log is **DENIED** as moot because Plaintiff represents it will produce a privilege log after the entry of the above-referenced Protective Order.

**Defendant's Interrogatories**

**ORDERED** that Defendant's application for an order compelling Plaintiff to supplement its responses to Defendant's First Set of Interrogatories is resolved as follows:

- **Interrogatory No. 1:** Application **GRANTED and supplemented**. The Order regarding disclosure of hearing witnesses at Docket No. 28 is amended as follows. By **November 13, 2026**, both parties shall file with the Court a letter identifying their anticipated witnesses for the hearing, the subject matter of their testimony and proposed duration of direct testimony. By **December 8, 2026**, both parties shall file an Exhibit list with proposed exhibits to be introduced at the hearing, and by **December 9, 2026,** shall file the Exhibits themselves with the Court by requesting an upload link in an email to Chambers.
- **Interrogatory No. 2:** Application for further information regarding the custody of documents relevant to the negotiation of the Curtis License is **DENIED**.
- **Interrogatory No. 3:** Application for further information about Plaintiff's alleged damages, see the ruling above regarding Defendant's Request for

Supplemental Damages Disclosure.

- **Interrogatory No. 5:** Application **HELD IN ABEYANCE** subject to the decision regarding Defendant's Request for Production No. 2 for communications between Plaintiff and Curtis.

**Defendant's Requests for Production**

Rulings on Defendant's application regarding Plaintiff's responses to Defendant's Requests for Production Nos. 1-6, 9, 11-19, and 22-26 are **HELD IN ABEYANCE.**

Dated: November 9, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**