Vedder Price
222 North LaSalle Street
Chicago, Illinois 60601

T: +1 312 609 7500
F: +1 312 609 5005
vedder.com

Vedder

**Daniel H. Shulman**
+1 (312) 609 7530
dshulman@vedder.com

Transform's application is **HELD IN ABEYANCE**. The parties shall appear for a telephonic conference on **November 19, 2026 at 4:00 P.M.** The parties shall call (855) 244-8681 and enter the access code 23111938649. Counsel shall be prepared to discuss this letter and the letter filed by Koolatron at Dkt. No. 64. So Ordered.

Dated: November 19, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

November 18, 2026

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Transform SR Brands LLC v. Koolatron Corp.*, Case No. 1:26-cv-07960 (LGS):
Discovery Dispute re: Koolatron Document Production

Dear Judge Schofield:

Pursuant to this Court's Individual Rules III.A.1 and III.C.3, Plaintiff, Transform SR Brands LLC ("TransformCo") respectfully seeks the Court's intervention to compel Defendant, Koolatron Corp. ("Koolatron") to promptly complete its document production which, to date, has been facially incomplete, or to preclude defenses at the preliminary injunction hearing as a sanction.

On Friday, November 13, 2026, Koolatron produced 1,122 document groups, with attachments totaling 2,028 documents. 1,107 of the 1,122 document groups were e-mails, *i.e.*, it produced only 15 non-email documents.

Per agreement of the parties, the following terms were to be searched on the mailboxes of Arun Kulkarni (owner of Koolatron) and Lloyd Stenmark (Vice President of Sales):

| KOOLATRON TERMS | TRANSFORMCO COUNTERS |
|---|---|
| 1. Transform and minim* | 1. 15.2* |
| 2. Transform and threshold* | 2. "minimum net sales" |
| 3. Curtis and licens* | 3. "New York" |
| 4. Transform and tariffs | 4. Curtis |
| 5. Bobbi or "Bobbi Stepp" | 5. Kenmore and *mark |
| 6. Transform and license | 6. Selloff or "Sell Off" or "Sell-off" |
| 7. Transform and agreement | |
| 8. Transform and promis* | |

| **KOOLATRON TERMS** | **TRANSFORMCO COUNTERS** |
|---|---|
| 9. Transform and commit* | |
| 10. Transform and sale* | |

Koolatron either failed to preserve e-mails or failed to run the searches.

In particular, Koolatron's entire defense in the case is premised on a May 23, 2025 e-mail from Bobbi Stepp, TransformCo's Senior Director of Merchandising, Licensing and External Sales. That e-mail included a redline of the original license that *added* the entire Section 15.2 requiring Koolatron to meet sales thresholds and revised the agreement to remove category level minimum royalties in favor of total minimum royalties. The e-mail explained "We are still showing the sales thresholds and MGRs [minimum royalties] by category but will only be holding you responsible for delivering the total MGR." Based solely on that e-mail, Koolatron contends that the sales thresholds shown in Section 15.2 of the contract never really applied, TransformCo improperly partially terminated the License Agreement in June 30, 2026 based on Koolatron's failure to meet the sales minimums for freezers, and that that breach excused all further non-performance by Koolatron.

Koolatron's original production did not include that e-mail even though it met multiple criteria above—for example, it included "Bobbi."

Today, Koolatron supplemented its production by providing just that single e-mail. Needless to say, its production is still deficient.

On November 16, TransformCo informed Koolatron of its deficiencies and asked Koolatron to produce its search results of its e-mails. TransformCo provided its own search results to Koolatron to demonstrate its own good faith:

| **Post-Deduplication** | | | | |
|---|---|---|---|---|
| **Terms** | **Robbins** | **Stepp** | **Hits** | **W/Families** |
| ("Koolatron" AND "sale*") | 721 | 2,309 | 3,030 | **4,237** |
| ("Koolatron" AND "license") | 315 | 1,535 | 1,850 | **2,593** |
| ("Koolatron" AND "agreement") | 389 | 1,392 | 1,781 | **2,543** |
| ("Arun") | 304 | 1,922 | 2,226 | **3,020** |
| ("Koolatron" AND "threshold*") | 256 | 762 | 1,018 | **1,566** |
| ("Curtis" AND "licens*") | 773 | 1,064 | 1,837 | **2,447** |

| | | | | |
|---|---|---|---|---|
| ("Koolatron" AND "minim*") | 276 | 843 | 1,119 | **1,669** |
| ("Koolatron" AND "commit*") | 171 | 431 | 602 | **999** |
| ("Koolatron" AND "promis*") | 55 | 341 | 396 | **817** |
| ("Koolatron" AND " NY") | 275 | 199 | 474 | **946** |
| ("Koolatron" AND "New York") | 319 | 208 | 527 | **975** |
| Koolatron | 1,218 | 4,490 | 5,708 | **6,955** |
| ("Koolatron" AND "inv*") | 768 | 1,334 | 2,102 | **3,123** |
| ("Koolatron" AND "terminat*") | 343 | 696 | 1,039 | **1,571** |
| ("Koolatron" AND "expan*") | 151 | 827 | 978 | **1,477** |
| ("Koolatron" AND "tollgate") | 5 | 382 | 387 | **717** |
| (" KC") | 13 | 47 | 60 | **122** |
| **Original Search Terms** | **1,406** | **4,692** | **6,098** | **7,698** |
| **Koolatron Requested Terms** | **1,231** | **4,508** | **5,739** | **7,013** |
| **ALL SEARCH TERMS** | **1,652** | **5,721** | **7,373** | **8,886** |

Additionally, Koolatron contests personal jurisdiction in New York but has not produced the lease between Koolatron and its lessor for its Batavia, New York warehouse, Mega Properties (a company also owned by Mr. Kulkarni), despite its commitment to do so.

Koolatron produced no e-mails relating to Curtis, other than e-mails to and from Costco having a Costco employee whose last name is "Curtis."

Koolatron plainly has documents it has not produced, and is preventing meaningful progress in this expedited discovery. TransformCo intends to depose Mr. Kulkarni on Wednesday, November 25, 2026, and will be severely prejudiced if Koolatron does not complete its production.

Finally, Koolatron has produced virtually no documents in response to the following (all of which it agreed to produce in response to TransformCo's requests):

**REQUEST NO. 1:** All Documents and Communications concerning the negotiation and execution of the License Agreement and its amendments.

**REQUEST NO. 6:** All Documents and Communications relating to or consisting of correspondence with customers, retailers, or other third parties concerning Your sale or shipment of Products after June 30, 2026.

**REQUEST NO. 14:** All Documents relating to the use, ownership, lease or occupancy by Koolatron of the facilities at 4320 and 4330 Commerce Drive, Batavia, New York 14020.

**REQUEST NO. 15:** All Documents relating to or concerning any harm to Koolatron caused by TransformCo's license of the KENMORE brand to Curtis.

**REQUEST NO. 17:** All Documents relating to the employment or contracting by Koolatron of any individuals for work performed in the State of New York, including without limitation Tami Mileham, Adam Yungfleisch, Alexander Parsons, Charles Willens and Steven Gilliatt.

**REQUEST NO. 20:** All Documents relating to the revenue and profit made by Koolatron from the sale of Products after August 7, 2026.

**REQUEST NO. 21:** All Communications and Documents evidencing any communications from any third party to Koolatron about the Products or the KENMORE brand between June 30, 2026 and present.

Additionally, Koolatron initially objected to production of any documents in response to the following request as overly broad:

**REQUEST NO. 12:** All Documents and Communications concerning any statement You made to any third party regarding TransformCo, Curtis International, the KENMORE brand, the License Agreement, or KENMORE license rights.

This request pertains specifically to whether and how Koolatron is holding itself out as a licensee—a question the Court asked specifically at the parties' November 10 hearing. At the parties' meet and confer on November 17, TransformCo limited the scope of this request to documents after June 30, 2026 and clarified in writing that "this request does not broadly refer to 'products,' but to the specifically listed parties, the brand itself, the license agreement and the license rights."

The parties discussed the matter via e-mails (November 16 and 17) and video conference (November 17), and Koolatron committed only to take the matter "under advisement." TransformCo offered Koolatron a final meet and confer to resolve these issues by this afternoon, but Koolatron did not respond to that offer or accept a meeting invitation for the same. The parties remain, therefore, at an impasse.

The Court's prompt attention to this matter is respectfully requested. If Koolatron does not promptly complete its production, TransformCo respectfully requests that Koolatron be precluded from arguing prior breach by TransformCo or lack of personal jurisdiction in defense of the request for preliminary injunction. *See* FED. R. CIV. P. 37(c)(1)(C) (referencing remedies in Rule 37(b)(2)(i), (ii)).

Respectfully submitted,

**VEDDER PRICE P.C.**

By: /s/ *Daniel H. Shulman*
Daniel Shulman, Esq.
Monika Malek, Esq.
David Matthew Rownd, Esq.

*Attorneys for Plaintiff*
*Transform SR Brands LLC*

cc: Counsel of Record